# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PHILLIP O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:16-CV-519 (MTT) |
| | ) | |
| NORFOLK SOUTHERN RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:16-CV-520 (MTT) |
| | ) | |
| NORFOLK SOUTHERN RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Smith and Plaintiff O'Neal jointly move for recovery of attorney's fees and expenses of litigation. *O'Neal*, 5:16-CV-519, Doc. 88; *Smith*, 5:16-CV-520, Doc. 79. For the following reasons, that motion is **GRANTED in part** and **DENIED in part**, and the Defendant is **ORDERED** to pay the Plaintiffs $411,997.99 for reasonable attorney's fees and expenses of litigation.

## BACKGROUND

The Plaintiffs brought these actions against Defendant Norfolk Southern Railroad Company after they were discharged by the Defendant for allegedly lying about a

workplace injury.  *See O'Neal*, 5:16-CV-519, Doc. 1 at 5.  Plaintiff O'Neal alleges that he fell from a chair at work because the seat was not properly bolted to the frame, suffering serious injuries due to Defendant Norfolk Southern's negligence.  *Id.* at 4, 7-8.  O'Neal also alleged he was retaliated against for reporting the personal injury and for reporting a hazardous safety condition.  *Id.* at 6.  He brought suit against Norfolk Southern under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, for negligence, and under the employee protection provision of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, for retaliation.  *Id.* at 5-9.  Plaintiff Smith alleged he was retaliated against for reporting O'Neal's injury to Norfolk Southern and for reporting a hazardous safety condition, and he brought suit under the FRSA for retaliation.  *Smith*, 5:16-CV-520, Doc. 1 at 4-7.  The Court consolidated Smith's and O'Neal's FRSA claims for trial, and the jury reached verdicts in favor of the Plaintiffs.  *O'Neal*, 5:16-CV-519, Docs. 62; 81; *Smith*, 5:16-CV-520, Docs. 53; 72.  O'Neal's FELA claim was severed and has not yet been tried.

The Plaintiffs, who are represented by the same counsel, now jointly move to recover reasonable attorney's fees and litigation costs for the FRSA claims.  *O'Neal*, 5:16-CV-519, Doc. 88.[1]  The Plaintiffs claim they are entitled to recover attorney and paralegal fees in the amount of $452,953.50, after enhancement, and costs in the amount of $20,920.94, for a total of $473,874.44.[2]  *See* Doc. 88-1 at 5.  The Defendant disputes both the Plaintiffs' requested rate and the reasonable hours worked.  Doc. 93

---

[1] Because the motions and briefings were jointly filed and are the same in each case, for the sake of convenience, all citations are to the docket in *O'Neal*, 5:16-CV-519, unless otherwise noted.

[2] The summary of fees and costs in the Plaintiffs' brief correctly lists each item except for the total sum of fees and costs, which is listed as $300 lower than it is.  Doc. 88-1 at 5; *see* Doc. 93-1 at 1 n.1.

at 8-9, 12-14. The Defendant also disputes the Plaintiffs' requested multiplier of 1.33. *Id.* at 14.

## DISCUSSION

The FRSA allows a prevailing plaintiff to recover, among other relief, "compensatory damages . . . including litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e)(2)(C). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted).[3] This number is called the "lodestar," and "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Id.* (citation and quotation marks omitted). The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required, (2) the novelty and difficulty, (3) the skill required to perform the legal service properly, (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money at issue and the results obtained, (9) the

---

[3] In *Bivins*, the district court had determined attorney's fees under § 1988, not the FRSA. 548 F.3d 1348, 1350 (11th Cir. 2008). But the Supreme Court has observed that Congress generally patterns attorney's fees provisions of new statutes on those provisions of pre-existing statutes, and "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (citations omitted).

-3-

experience and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974),[4] *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees[.]"). Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). It is the burden of the party seeking an award of fees to submit evidence to support the hours and rate claimed, and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Plaintiffs' counsel document their work in affidavits and attached time entries. Docs. 88-3; 88-4; 88-5. The Defendant does not contest the availability of attorney's fees and costs. *See generally* Doc. 93. Rather, the Defendants claim the Plaintiff's request is unreasonable because (1) the requested rate of $450.00 per hour is not adequately substantiated; (2) some of the time entries are for work solely attributable to O'Neal's claim under the Federal Employers' Liability Act, which does not allow for fee-shifting; (3) the Plaintiffs are not entitled to an enhancement; and (4) some of the time entries from the paralegal are for work which is administrative and thus not compensable. *See generally id.*

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

**A. Rate**

First, the Defendant argues the Plaintiff's counsel's rate of $450.00 per hour is not reasonable. *Id.* at 5. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted). "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quotation marks and citation omitted). Satisfactory evidence is "more than the affidavit of the attorney performing the work." *Id.* (quotation marks and citation omitted).

Here, the Plaintiffs have produced an affidavit from local attorney Grant Greenwood, who states that in the Macon area, the "prevailing rate in a complex civil case" for an experienced senior partner who specializes in a particular area is $405.00 per hour, but may be higher in certain situations. Doc. 88-2 at 2. Both of the Plaintiffs' lawyers, John Moss and John Steel, are experienced, with over 60 years of combined practice and extensive experience in railroad litigation. Docs. 88-3 at 2; 88-4 at 2. Further, the FRSA is a relatively novel and undeveloped area of law. Accordingly, the Court finds that $405.00 per hour is a reasonable rate.

The Plaintiffs argue they are entitled to a rate of $450.00, in part because the Defendant allegedly consented to that rate in a lawsuit in which Moss was counsel in Greensboro, North Carolina, and in part because the issues are novel. Doc. 88-1 at 3. They argue Greensboro is a similar legal community and is roughly the same size as Macon. *Id.* However, the Plaintiffs have offered no evidence that $450.00 is a

reasonable rate in "the relevant legal community," which is the Macon Division of the Middle District of Georgia. *See Norman*, 836 F.2d at 1299. They have, however, carried their burden on showing $405.00 is in line with prevailing rates in the local market, and the Court finds that rate is reasonable.

Additionally, the Plaintiffs' affidavit from Grant Greenwood asserts that $150.00 per hour is the prevailing rate for an experienced paralegal. Doc. 88-2 at 2. The paralegal for the Plaintiffs' counsel in this case, Keisha Jackson, has shown she has more than 20 years of experience in litigation, most of which has involved railroad cases. Doc. 88-5. The Court finds that $150.00 per hour is in line with the local market and that it is a reasonable rate.

### B. Work Done on FELA Claim

The Court finds that the best way to determine the reasonableness of the Plaintiffs' request is to consider the specific hours expended on certain tasks. *See Bivins*, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.") (citation omitted).

As noted, Plaintiff O'Neal brought two claims: one under the FRSA, which allows for fee-shifting, and one under the FELA, which does not. The Defendant argues the Court should deduct time spent on the FELA claims. Doc. 93 at 10. The general rule is that hours reasonably expended on litigating a claim are compensable. *Bivins*, 548 F.3d at 1350. Given the facts of this case, there is overlap between the FELA claim and FRSA claim, since the Plaintiffs were terminated for reporting and allegedly lying about the fall and hazardous safety condition which form the basis of O'Neal's FELA claim.

*See* Docs. 1; 81. As the Defendant notes, "'[h]ours spent solely on . . . statutory claims not subject to fee-shifting must be excluded to reflect the default rule that each party must pay its own attorney's fees and expenses.'" Doc. 93 at 10 (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011) (quotation marks and citation omitted)). Conversely, "[h]ours spent on legal work that furthers both fee-shifting and non-fee-shifting claims may be included in the lodestar calculation because they would have been expended even if the plaintiff had not included non-fee-shifting claims in his complaint." *Millea*, 658 F.3d at 168; *see also Barati v. Metro-N. R. Co.*, 939 F. Supp. 2d 153, 158 (D. Conn. 2013) (applying this rule to an award of fees under the FRSA when the litigation also included FELA claims). The Court agrees and finds that attorney time which was spent solely in furtherance of O'Neal's FELA claim was not reasonably expended on the Plaintiffs' FRSA claims, and thus it is not compensable.

The Plaintiffs' counsel claim they have not included any time solely related to the FELA claim in their time entries. Specifically, Steel states he has not done any work which related only to the FELA claims (Doc. 94-1 at 2), and Moss says the timesheet he submitted (Doc. 88-3 at 12-17) excluded all work he had done exclusively on the FELA claim. Doc. 94-6. However, some of the Plaintiffs' time entries do include time exclusively attributable to the FELA claim. For instance, Moss submitted an entry of 5.5 hours on November 17, 2017 for drafting a motion for summary judgment, billed to O'Neal.[5] Doc. 88-3 at 13. That motion, which was filed on December 19, 2017, dealt with issues of fact common among the FRSA and FELA claims (Doc. 15-1 at 1-4); with the law of the FELA and its application to O'Neal's negligence claim (Doc. 15-1 at 4-7);

---

[5] On the submitted timesheets, some entries are billed to O'Neal, some to Smith, and some to "Both." Docs. 88-3 at 12-17; 88-4 at 5; 88-5 at 4-5.

and with the law of the FRSA and its application to O'Neal's retaliation claim (Doc. 15-1 at 7-10). Even if the motion primarily concerned FRSA issues and issues common among the claims—which are compensable—it also concerned at least some work exclusively attributable to the FELA claim. It is the burden of the Plaintiffs' counsel to properly document compensable time. *Hensley*, 461 U.S. at 433. In the absence of such documentation, therefore, the Court reduces the time reasonably spent on drafting the motion for summary judgment by half, or 2.75 hours. Having carefully reviewed the time entries and the record, the Court finds the following entries, including the motion for partial summary judgment, should be reduced by half:

| O'Neal | 5.26.16 | Meeting with P. O'Neal in Macon | 2.5 | JAM |
|---|---|---|---|---|
| O'Neal | 6.28.17 | Finalize & edit disco responses of O'Neal | 2 | JAM |
| O'Neal | 8.30.17 | Prepare for Client Deposition - O'Neal | 3 | JAM |
| O'Neal | 9.1.17 | Oneal Depo in Macon | 5 | JAM |
| O'Neal | 9.26.17 | TC re supplementing ROGS & RPD with O'Neal | 1.5 | JAM |
| O'Neal | 9.30.17 | Review Plaintiff O'Neal's Depo | 1.5 | JAM |
| O'Neal | 10.25.17 | Email w/M Madigan (expert) re analysis of D expert | 0.4 | JAM |
| O'Neal | 10.25.17 | Travel to MI, take expert depo, travel home | 12.5 | JAM |
| O'Neal | 11.17.17 | initial drafting of partial MSJ | 5.5 | JAM |
| O'Neal | 11.18.17 | Revise and add to MSJ | 2 | JAM |
| O'Neal | 12.27.17 | Read D MSJ / annotate | 1.25 | JAM |
| O'Neal | 12.27.17 | Legal research / D MSJ | 2.6 | JAM |
| O'Neal | 12.28.17 | 1st draft of response to D MSJ | 6.1 | JAM |
| Both | 6.25.18 | Travel to Macon for Stefanis | 1.75 | JAM |
| O'Neal | 6.25.18 | prep for stefanis depo | 0.6 | JAM |
| O'Neal | 6.26.18 | take Stefanis depo | 0.7 | JAM |
| O'Neal | 6.26.18 | ReturnTravel to Atlanta | 1.4 | JAM |
| Both | 7.6.18 | Trial Prep, verdict forms, motions in limine, bifurcation research | 1 | JAM |

Additionally, some entries appear exclusively relevant to O'Neal's FELA claim in their entirety or not sufficiently documented for the Court to determine whether they related to FRSA claim. Those entries are: "Review D disco responses and compose follow-up email deficiencies" (June 27, 2017); "Travel to Macon for witness work" (September 29, 2017); "Meet with potential damage witnesses" (September 29, 2017);

and "Return Travel to Atlanta" (September 29, 2017). All are billed exclusively to O'Neal. Doc. 88-3 at 12-13. The Plaintiffs have failed to demonstrate those entries were for time reasonably spent on the FRSA claim, so they are not compensable. Taking those adjustments into account, John Moss reasonably spent 588.30 hours on the FRSA claim, and John Steel reasonably spent 120.55 on the FRSA claim, for a total of 708.85 attorney hours reasonably spent on the litigation.

### C. Enhancement

The Plaintiffs also request an enhancement, asking the Court to adjust the lodestar by a multiplier of 1.33. Doc. 88-1 at 5. While the lodestar is calculated at an hourly rate, Moss and Steel have a contingent fee contract. Doc. 88-3 at 3. Where, as here, "the attorney fee is contingent on success, the hourly rate should ordinarily be raised to compensate the attorney for the risk of nonrecovery." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1138 (11th Cir. 1984); *see Yates v. Mobile Cty. Pers. Bd.*, 719 F.2d 1530, 1533 (11th Cir. 1983) (stating that contingency fees often result in enhancements). Additionally, the Plaintiffs' counsel attained a high degree of success. *See O'Neal*, 5:16-CV-519, Doc. 81; *Smith*, 5:16-CV-520, Doc. 72. These factors warrant an upward adjustment of the lodestar. After careful review of the record and consideration of the *Johnson* factors, the Court agrees with the requested enhancement of 1.33 and awards reasonable attorney's fees of $381,822.05 (708.85 hours at a rate of $405.00 per hour with an enhancement of 1.33).

### D. Keisha Jackson's Time

The Defendant also challenges time entries from Keisha Jackson, a paralegal for the Plaintiffs' counsel, as administrative or clerical. Doc. 93 at 13. "Fees for paralegal

work are recoverable to the extent that the paralegal performs work traditionally done by an attorney." *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013). After carefully reviewing Jackson's time entries, the Court has found that entries for purely clerical work, such as e-filing or emailing documents, is not compensable. *See* Doc. 88-5 at 4-5.

The Defendant also claims that some entries are inaccurate, pointing to an entry on November 15, 2017, for serving a response to a first request for admissions. Doc. 93 at 14. As the Defendant notes, that was actually served on June 28, 2017. *Id.*; Doc. 93-8 at 4. The Court agrees and finds that the November 15, 2017 entry is not compensable. The Defendant also argues one entry, "Draft and serve 2nd Amended 30(b)(6) Depo Notice," is redundant, as there are two entries for drafting and serving a second amended deposition notice on the same day, July 27, 2018. Doc. 93 at 14. However, because one notice is billed to both Plaintiffs and the other to O'Neal only, and because the wording differs, the two entries do not appear to be duplicates. *See* Doc. 88-5 at 5. After reductions for purely administrative tasks and for the inaccurate entry on November 15, 2017, the Court finds that the Plaintiffs are entitled to compensation for 61.70 hours of Keisha Jackson's time. At a rate of $150.00 per hour, this produces fees for Jackson's time of $9,255.00.

### E. Expenses of Litigation

The Defendant argues that expenses relating to medical records should be non-recoverable. Doc. 93 at 16-17 (challenging $407.94 of expenses for O'Neal's records and $97.07 for Smith's). Presumably, the Defendant is arguing that O'Neal's records are only relevant to the FELA claim, because that claim concerns damages from

O'Neal's workplace injury, while the FRSA claim does not. The Defendant also argues that Smith has not proved why medical records were relevant to his FRSA case. Doc. 93 at 17. However, the question of whether the Plaintiffs reported O'Neal's workplace injury in good faith is clearly relevant to the FRSA claim. *See, e.g.*, Doc. 81 at 3. And whether O'Neal was injured is relevant to that—or, at the least, the Defendant made it relevant. *See, e.g.*, Doc. 17-1 at 8-9 (arguing the Defendant was entitled to summary judgment on the FRSA claim in part because O'Neal's injury was not genuine). As to Smith's medical expenses, there was, presumably, at least a possibility that his medical records might relate to damages under the FRSA. There was certainly enough of a possibility that Smith's medical records would be relevant to justify the Plaintiffs' expenditure of $97.07 as reasonable. The Court, therefore, finds the Plaintiffs' requested litigation expenses of $20,920.94 to be reasonable.

## CONCLUSION

For the reasons noted above, the Plaintiffs' joint motion for attorney's fees (5:16-CV-519, Doc. 88; 5:16-CV-520, Doc. 79) is **GRANTED in part** and **DENIED in part**. The Plaintiffs are entitled to recover reasonable attorney's fees in the amount of $391,077.05 ($381,822.05 for Moss's and Steel's time and $9,255.00 for Jackson's time). The Plaintiffs are also entitled to recover reasonable litigation costs in the amount of $20,920.94. Accordingly, the Defendant is **ORDERED** to pay the Plaintiffs $411,997.99.

**SO ORDERED**, this 15th day of November, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT